IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF CENTRAL ) | |
| CONTRACTING & MARINE, INC. FOR ) | Cause No: |
| EXONERATION FROM, OR ) | |
| LIMITATION OF, LIABILITY. ) | |

**COMPLAINT AND THIRD PARTY COMPLAINT**

COMES NOW, Central Contracting & Marine, Inc., ("Central Contracting"), in a cause civil and maritime, and submits the following as its Complaint for exoneration from, or limitation of, liability and its Third Party Complaint against Thomas Industrial Coatings, Inc. ("Thomas"), the Bi-State Development Agency of the Missouri-Illinois Metropolitan District, doing business as Metro and/or Bi-State, also known as Bi-State Development Agency ("Metro"), and St. Louis Bridge Construction Company ("Bridge"), under Rule 14(c) of the Federal Rules of Civil Procedure, and alleges upon information and belief as follows:

1. This action arises under the laws of the United States providing for limitation of vessel owners' liability, 46 U.S.C. §§ 30501-30512, and the various statutes, rules and regulations relating thereto.  It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. Plaintiff Central Contracting was and is a corporation duly organized and existing under law.

3. At all material times, Central Contracting was the "owner" of the Motor Vessel DANNY BRADFORD, and it manned, navigated and operated the vessel at its own expense and procurement within the meaning of 46 U.S.C. §§30501 and 30505.

4. The M/V DANNY BRADFORD was a 2000 horsepower towboat having dimensions of 80.5 feet x 30 feet and was used for providing barge towing services upon the Mississippi River.

5. Central Contracting used due diligence to make the M/V DANNY BRADFORD seaworthy, and it was, at the time of the incident described herein, tight, staunch and strong, fully manned, equipped and supplied, and in all respects seaworthy and fit for the service in which it was engaged.

6. The Eads Bridge is a bridge which is located at or near Mile Marker 180 on the Mississippi River, and which spans the river between St. Louis, Missouri and East Saint Louis, Illinois.

7. At all material times, Metro, an entity created by interstate compact between Illinois and Missouri, was the part-owner of the Eads Bridge, and, specifically was the party responsible for maintaining the bridge's steel supporting structure.

8. The Mississippi River is a navigable waterway of the United States.

9. At all material times, Central Contracting operated the M/V DANNY BRADFORD on the Mississippi River within the geographical boundaries of this District, and the vessel is, and will be, within the jurisdiction of this Court during the pendency of this action.

10. At all material times, Metro was in the process of performing a rehabilitation project ("Rehabilitation Project") on the Eads Bridge, which included recoating work involving sandblasting and painting of the steel support structure of the bridge ("Recoating Work").

11. On information and belief, Metro contracted with Bridge, a corporation duly organized and existing under law, and hired bridge as the general contractor in overall charge of the Rehabilitation Project.

12. On information and belief, Metro contracted with Thomas Industrial Coatings, Inc., a corporation duly organized and existing under law, to perform the Recoating Work on its behalf.

13. On or around July 16, 2015, James Pigue was employed by Thomas, and was working on the Recoating Project on the Eads Bridge.

14. In connection with the Rehabilitation Project, scaffolding was constructed on the Eads Bridge below each of its three bridge arches, which extended below the bottom of each arch and partially obstructed the clearance area reserved for vessels transiting the bridge.

15. On or around July 16, 2015, the M/V DANNY BRADFORD commenced a voyage which began at Beelman River Terminals' Venice, Illinois Dock, located at near Mile 183 on the Upper Mississippi River, with a tow of two (2) loaded barges carrying a cargo of coke.  Its destination was Buzzi Unicem USA's St. Louis Cement Dock, located at or about Mile 176 on the Upper Mississippi River.

16. On July 16, 2015, at or about 3:00 p.m., the M/V DANNY BRADFORD, while proceeding in a southerly direction with its tow of two (2) loaded barges, approached and began to transit the Eads Bridge, located at or near Mile 180 on the Upper Mississippi River.

17. As the M/V DANNY BRADFORD began to traverse the Eads Bridge, equipment on top of the vessel contacted the scaffolding which was protruding below the bottom of the bridge's center arch.

18. At said time and place, unbeknownst to the pilot and crew of the M/V DANNY BRADFORD, Thomas's employee James Pigue was performing sandblasting work inside the scaffolding on the Eads Bridge directly above the point where the equipment on top of the DANNY BRADFORD made contact with the scaffolding.

19. James Pigue was not wearing fall protection while performing the work.

20. During the incident, Mr. Pigue fell from the scaffolding and died.

21. During the incident, Central Contracting sustained damage consisting of the loss of certain equipment from the roof of the M/V DANNY BRADFORD and damage to the roof from the separation of such equipment, which damages presently are established to be in the amount of approximately Fifty Thousand Dollars ($50,000.)

22. During the incident, some of the scaffolding, belonging to a party presently unknown, was damaged and/or lost.

23. The aforementioned incident, fatality and any damages resulting therefrom occurred either as a result of extreme high water conditions for which no one was responsible, or were caused or contributed to by the fault and negligence of Thomas, and/or Metro, and/or Bridge and/or other persons, entities, or conditions for which Plaintiff is not responsible, by, among other things:

(a) Unlawfully and unreasonably altering the clearance of the Eads Bridge;

(b) Unlawfully and unreasonably obstructing the navigable channel of the Mississippi River;

(c) Unlawfully and unreasonably altering the navigation conditions on the Mississippi River at the location of the Eads Bridge;

(d) Creating a hazard to navigation;

(e) Failure to comply with applicable permits and/or other conditions under which the Rehabilitation Project was to be performed;

(f) Failing to fulfill duty to implement, enforce, supervise and/or provide oversight of adequate safety programs to prevent Rehabilitation Project workers from being injured during vessel transits under the Eads Bridge;

(g) Failing to fulfill duty to warn Rehabilitation Project workers of approaching vessels and/or removing workers from areas of scaffolding which passing vessels could conceivably impact.

24. The foregoing fault, careless and negligence of Thomas, Metro, Bridge and/or other entities, and/or their employees also breached their warranty to perform the work associated with the work associated with the Rehabilitation Project and/or Recoating Work in a safe and workmanlike manner.

25. The aforementioned incident, fatality and any damages resulting therefrom were occasioned and occurred without fault of Plaintiff and without the privity or knowledge of Plaintiff.

26. The M/V DANNY BRADFORD has not been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident.

27. Plaintiff is advised that the value of the M/V DANNY BRADFORD, after the incident, did not exceed the sum of Five Hundred and Eighty-Five Thousand ($585,000.00.)  The value of its pending freight for the services it was performing at the time of the incident was Four Thousand Seven Hundred and Two Dollars ($4,702.00.)  Therefore, the entire value of the interest of Plaintiff in the M/V DANNY BRADFORD and its pending freight at the time of the aforementioned incident did not exceed the total sum of Five Hundred Eighty Nine Thousand, Seven Hundred and Two Dollars ($589,702.00.)

28. Upon information and belief, Plaintiff states that there are no liens upon said vessel prior to or paramount to any lien that may have accrued by reason of the matters aforesaid.

29. Plaintiff Central Contracting claims and seeks exoneration from liability, for any losses, damages, or injury occasioned or incurred during said voyage or by reason of the aforementioned incident which is described herein, and for any and all claims arising therefrom, and Plaintiff alleges that it has valid defenses thereto on the facts and on the law.  Plaintiff believes the claims asserted against it and/or the M/V DANNY BRADFORD as a result of said

incident will exceed its interest in the M/V DANNY BRADFORD and its pending freight as aforesaid, and therefore claims the benefit of the Limitation of Liability Act provided under Title 46, United States Code

30. Upon information and belief, the claims arising out of the aforementioned incident may exceed the value of the M/V DANNY BRADFORD and its pending freight.

31. Plaintiff further claims the benefit of the Limitation of Vessel Owners' Liability Act provided under Title 46, United States Code, §§ 30501-30512, inclusive, providing for limitation of vessel owners' liability, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof; and to that end, Plaintiff is ready and willing to proceed according to law and pursuant to the rules and practices of this honorable Court.

32. This Complaint is timely under Fed. R. Civ. P. Supp. Rule F(1) because it is filed within six months after the receipt by Plaintiff Central Contracting of a claim in writing for damages arising out of the aforementioned alleged incident on July 16, 2015.

33. All and singular, the premises are true and are exclusively within the Admiralty and Maritime Jurisdiction of the United States and this honorable Court.

WHEREFORE, Plaintiff prays that:

a) This Court cause due appraisement to be made of the value of Plaintiff's interest in the M/V DANNY BRADFORD and its pending freight;

b) This Court enter an order directing Plaintiff to file a stipulation with a surety to be approved by the Court for payment to the Court of the amount of Plaintiff's interest in the M/V DANNY BRADFORD and its pending freight whenever the Court shall so order;

c) This Court enter an Order directing the issuance of a notice to all persons claiming damage for any and all losses, damages, expenses, or injuries caused by or resulting

from the aforesaid voyage and incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint at or before a time certain to be fixed by said Notice;

      d)      This Court direct the issuance of a copy of this Complaint on Thomas Industrial Coatings, Inc., the Bi-State Development Agency of the Missouri-Illinois Metropolitan District, doing business as Metro and/or Bi-State, also known as Bi-State Development Agency, and St. Louis Bridge Construction Company, pursuant to the provisions of Rule 14(c) of the Federal Rules of Civil Procedure, making them third-party defendants and requiring them to answer the Complaint, and thereafter to enter a judgment against Thomas Industrial Coatings, Inc., the Bi-State Development Agency of the Missouri-Illinois Metropolitan District, doing business as Metro and/or Bi-State, also known as Bi-State Development Agency and St. Louis Bridge Construction Company for any amount the Court finds any claimant(s) entitled to as a result of the incident, or, in the event the Court finds claimant(s), or any of them, entitled to recover in any amount against Plaintiff, to order against Thomas Industrial Coatings, Inc., the Bi-State Development Agency of the Missouri-Illinois Metropolitan District, doing business as Metro and/or Bi-State, also known as Bi-State Development Agency and St. Louis Bridge Construction Company to indemnify Plaintiff for a like amount, together with reasonable attorneys' fees in addition to Plaintiff's damages as aforesaid or, in the alternative, if the Court apportions fault between Plaintiff and Thomas Industrial Coatings, Inc., the Bi-State Development Agency of the Missouri-Illinois Metropolitan District, doing business as Metro and/or Bi-State, also known as Bi-State Development Agency and St. Louis Bridge Construction Company, for contribution.

      e)      This Court enter an Order directing that on the giving of such a stipulation as may be determined to be proper, or of an ad interim stipulation as offered by Plaintiff, an injunction

shall issue restraining the institution and/or prosecution of any and all actions, suits, and legal proceedings of any nature or description, in any jurisdiction, except in the present proceeding, against Plaintiff or its agents or representatives, or any other person for whom Plaintiff is or may be responsible or against any of Plaintiff's property, including the M/V DANNY BRADFORD, to recover damages caused by or resulting from said incident or voyage or in respect of any claim or claims arising out of or resulting from said incident or voyage;

      f)      This Court in this proceeding will adjudge:

            (i)      Plaintiff and the M/V DANNY BRADFORD are not liable to any extent for any loss, damage, expense, or injury, nor for any claims whatsoever in any way arising out of or in any consequence of the aforesaid incident, and, therefore, Plaintiff and the M/V DANNY BRADFORD are entitled to a decree of exoneration in this matter;

            (ii)      In the event the Court finds claimant(s), or any of them, are entitled to recover any amount against Plaintiff, the Court will order Thomas Industrial Coatings, Inc., the Bi-State Development Agency of the Missouri-Illinois Metropolitan District, doing business as Metro and/or Bi-State, also known as Bi-State Development Agency and St. Louis Bridge Construction Company to indemnify Plaintiff for a like amount, together with a reasonable attorney's fee, or in the alternative, for contribution in accordance with the percentage to which each party's fault was a proximate cause of the aforesaid incident or casualty;

            (iii)      If Plaintiff shall be adjudged liable to any extent in the premises, then such liability be limited to the value of Plaintiff's interest in the M/V DANNY BRADFORD following the incident, and that a decree may be entered discharging Plaintiff and the M/V DANNY BRADFORD from all further liability and further enjoining the filing and prosecution

of any claim against Plaintiff and/or the M/V DANNY BRADFORD with reference to the matter and happenings recited in this Complaint; and

    g)    Plaintiff may have such other and further relief as may be just and proper.

        Respectfully Submitted,

        GOLDSTEIN and PRICE, L.C.
          and Douglas E. Gossow (MO #35525)
          and Daryl Sohn (MO #24059)
          and Elana L. Charles (MO #64775)

        By:  /s/ Douglas E. Gossow
        One Memorial Drive, Suite 1000
        St. Louis, Missouri  63102
        (314) 516-1700 *Telephone*
        (314) 421-2832 *Facsimile*
        **Attorneys for Plaintiff Central Contracting & Marine, Inc.**