UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THECOMPLAINT OF: )
) Case No: 4:15CV1111 HEA
CENTRAL CONTRACTING & MARINE, INC. )
For Exoneration from, or Limitation of, Liability. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Claimants Adler, William Pigue and Brittany Pigue's Motion to Dismiss Limitation of Liability Complaint and to Dissolve Stay Order, [Doc. No. 30] and their Motion to Dissolve Stay and Injunction, with Stipulations, [Doc. No.33]. Plaintiff opposes the motions. Claimant Thomas Industrial Coatings, Inc. also opposes the Motion to Dissolve Stay. For the reasons set forth below, the motions are denied.

## Facts and Background

This matter was commenced on July 17, 2015, by the filing of a Complaint for Exoneration from or Limitation of Liability pursuant to the Limitation of Liability Act ("Limitation Act" or "Act"), 46 U.S.C. §§30501-30512, and the various statutes, rules and regulations relating thereto by Plaintiff Central Contracting & Marine, Inc. Plaintiff owns M/V DANNY BRADFORD, which was at the relevant time, operating on the Mississippi River.

The Complaint alleges: On July 16, 2015, the DANNY BRADFORD made contact with scaffolding which was protruding below the bottom of the Eads Bridge's center arch.

James Pigue, an employee of Thomas Industrial Coatings, was sandblasting inside the scaffolding directly above the point where the equipment on top of the DANNY BRADFORD made contact with the scaffolding. Mr. Pigue was not wearing fall protection while performing the work. During the incident, Mr. Pigue fell from the scaffolding and died.

Plaintiff alleges that the incident and any resulting damage occurred either as a result of factors for which Plaintiff is not responsible or were caused by or were contributed to be caused by acts or omissions of which Plaintiff lacked any privity or knowledge.

Plaintiff claims, supported by counsel's affidavit, that the value of the vessel, plus its cargo, involved in the incident is, $589,702.00. Plaintiff has provided security in this amount within the ad interim stipulation setting out its surety's undertaking to pay into the Court the said amount

On the same date a Motion for Order Directing Issuance of Notice and Restraining Suits was filed. On July 21, 2015, the Court granted the motion, consistent with the dictates of the Limitation Act, enjoining the commencement or further prosecution of any action or proceeding against Plaintiff in connection with

the incident. The Court, further, issued a notice of the injunction on that date, publication of which was undertaken by attorneys for Plaintiff.

On August 27, 2015, Claimants filed a Motion to Dismiss Limitation of Liability Complaint, a Motion to Increase the Limitation Fund and a Motion to Lift the Stay and Injunction Order. The Court has previously denied the Motion to Increase the Limitation Fund. Claimants are the parents and wife of the decedent.

## Discussion

"While 28 U.S.C. § 1333(1) does grant to the federal district courts exclusive jurisdiction over suits brought pursuant to the Limitation Act, *see Ex Parte Green*, 286 U.S. 437, 439-40 (1932), the same statute also 'sav[es] to suits in all cases all other remedies to which they are entitled.'" *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001) (quoting 28 U.S.C. § 1333(1)). Hence, "two jurisdictional possibilities" are presented: "shipowners desire exclusive federal jurisdiction to limit their liability and avoid encountering a jury trial, and claimants seek 'other remedies' such as jury trials in state court." *Id*. (citing cases).

"Normally, the federal court will resolve this conflict by recognizing an exception in which a claimant acknowledges, through certain stipulations, the shipowner's right to limit the amount of its liability in federal court while preserving the claimant's right to have a jury determine in state court whether the

shipowner is liable." *Id.* (citing cases). "Upon the claimant's filing sufficient stipulations, the admiralty court should allow the claimant to proceed even when the claim exceeds the limitation fund." *MagnoliaMarine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citing cases); *see also Langnes v. Green* 282 U.S. 531, 541 (1931) ("To retain the cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course ….").

This Court has issued an injunction pursuant to Fed.R.Civ.P. Supp.Rule F(3), which provides:

> "Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."

The questions currently before the Court are whether to dismiss this action; and whether to lift the injunction so Claimants may proceed with their claim in a forum of their choosing.

Claimants seek dismissal of this action arguing that Plaintiff's negligence caused the death of James Pigue, and as such, Plaintiff is not entitled to limit its liability. The Court agrees with Plaintiff that at this stage of the proceeding, the

- 4 -

Court uses the 12(b)(6) standard: The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001) *quoting Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.,* 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id*. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct", the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.,* 599 F.3d 856, 861 (8th Cir.2010)(*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S.

232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir.2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly,* 550 U.S. at 555. (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.,* 406 F.3d 1052, 1062 (8th Cir.2005) *citing Schaller Tel. Co. v. Golden Sky Systems,* 298 F.3d 736, 740 (8th Cir.2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir.1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. *Twombly,* 550 U.S. at 556; *Neitzke v. Williams,* 490 U.S. at 327 ("What Rule 12(b)(6) does not

countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866, 870 (8th Cir. 2008). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)(*quoting Twombly,* 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.* Claimants are seeking this Court's ruling on factual issues that have yet to be determined, and which are not within the parameters of a motion to dismiss. Essentially, Claimant's motion is premature. The motion to dismiss will be denied, without prejudice.

The motion to lift the stay and injunction concerns the ability of Claimants—the decedent's survivors—to sue Plaintiff in the forum of their choosing for injuries arising out of the decedent's death. As noted above, federal courts have exclusive jurisdiction over admiralty and maritime claims, but this jurisdictional statute "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28U.S.C. § 1333(1).

"The [Limitation] Act allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis &Clark Marine, Inc.*, 531 U.S. 443, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). The Act was passed by Congress in 1851 in order "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Id*. (quoting *Norwich &N.Y. Transp. Co. v.Wright*, 13Wall. 104, 121, 20 L.Ed. 585 (1871)).

The Limitation Act coexists with the savings to suitors clause in apparent conflict. "One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Id*. At the core of this conflict is the fact that "[t]here is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law actions in other forums." *In re Dammers &Vanderheide &Scheepvaart Maats Christina B.V.*, 836 F.3d 750, 755 (2d Cir. 1988). The conflict derives from the Seventh Amendment, which applies only to cases brought at common law, not to those brought in admiralty. *See Waring v. Clarke*, 46 U.S. (5 How.) 441, 458-60, 12 L.Ed. 226 (1847).

Seeking to resolve this tension and conflict, federal courts have recognized that, in two kinds of limitation cases, claimants are permitted to pursue their remedies in a forum of their choosing. *See Universal Towing v. Barrale*, 595 F.2d

414, 418 (8th Cir. 1979). The first exception concerns cases where the limitation fund exceeds the total of all claims. *Id.* (citing cases). This exception is not at issue here. The second exception, which is at issue here, "exists if there is only one claim which exceeds the value of the fund." *Id.* (citing cases). The so-called "single claim exception" applies in circumstances involving, obviously, a single claimant, but it also applies in circumstances involving multiple claimants, who may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the federal court, sitting in admiralty, ultimately adjudicate its claim to limited liability. *See, e.g.*, *In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 652 (7th Cir. 2007); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996); *Universal Towing*, 595 F.2d at 418-419.

Where one of these two exceptions applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum." *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985).

Moreover, in order that the shipowner's right to limit its liability is preserved in accordance with the Act, a claimant must file certain stipulations with the district court before the injunction may be dissolved. Specifically, a claimant must: (1) concede that the district court has exclusive jurisdiction to determine all issues

relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and (2) waive any right to claims of res judicata based on a judgment from another forum. *See Magnolia Marine*, 964 F.2d at 1575 (citing cases); *Valley Line*, 771 F.2d at 373 & n.3 (8th Cir. 1985) (citing cases); *see also Riverway Harbor*, 263 F.3d at 792 ("As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the savings to suitors clause.").

The question before the Court, then, is whether Claimants' stipulations are adequate to preserve "exclusive federal jurisdiction for limitation of liability purposes" (*Riverway Harbor*, 263 F.3d at 792), such that Claimants may proceed in the forum of their choosing pursuant to the savings to suitors clause. For the reasons below, the Court finds that Claimants' stipulations are adequate.

Claimants have filed a series of stipulations in connection with their Motion to Dissolve Stay and Injunction, with Stipulations.

Plaintiff, as well as other claimants, has lodged an objection to Claimants' stipulations, asserting that they are insufficient because there are several claimants. This case, therefore, is necessarily a multiple claimant action that does not fall within the single claim exception.

**Conclusion**

Based upon the foregoing, the Court concludes that the Motion to Dismiss and the Motion to Lift the Stay should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Claimants' Motion to Dismiss Limitation of Liability Complaint and to Dissolve Stay Order, [Doc. No. 30], is **DENIED**.

**IT IS FURTHER ORDERED** that Claimants' Motion to Dissolve Stay and Injunction, [Doc. No. 33], is **DENIED**.

Dated this 15th day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE